IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DALVIN M. BURDEN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:22-CV-00247-MTT-CHW |
| WARDEN TAMARSHE SMITH, *et al.*, | : | |
| | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff, Dalvin M. Burden, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On preliminary review, Plaintiff may proceed with his Eighth Amendment claims against Defendant Brown for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Smith and Sales be **DISMISSED without prejudice** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security

1

therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a copy of this Order to Hancock State Prison.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause

to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.  Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

    I.    <u>Directions to Plaintiff's Custodian</u>

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby ORDERED that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will

5

reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff is an inmate at Macon State Prison. ECF No. 1 at 2. Plaintiff alleges that on May 2, 2022, "Sgt. Brown repeatedly slammed [his] arm in the Metal Tray/ food flap while ordering cert Evans to taze [him]" and that he was then tasered. *Id*. at 3; ECF No 1-1 at 2. Plaintiff states that he "was also denied medical treatment after this incident happen, which did cause bodily harm to …. the plaintiff". ECF No. 1 at 3. Plaintiff avers he "was also denied food and water for two whole days" because Sgt. Brown placed a padlock on the food tray flap and turned off the water to his cell. ECF No. 1 at 4; ECF No 1-1 at 2. Plaintiff further complains that "Warden Smith and Deputy Ward Seals see inmates and staff with knives and allow them to pass" and argues that that allowing prisoners ready access to weapons poses a significant risk of harm to inmates. ECF No 1-1 at 3.

Plaintiff requests injunctive relief, five million dollars in damages, and an order of "pardon, clemency immediate release".[1]   ECF No 1 at 4.

III.   Plaintiff's Claims

A.   *Excessive force claim*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986).  Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm.  *Id*. at 6.  To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).  When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident."  *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the

---

[1] Release from prison is not available as a remedy in a § 1983 action.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

7

need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendant Brown repeatedly slammed his arm with the tray flap of his cell door and that Brown ordered another officer to taser Plaintiff while his arm was still trapped in the door. ECF No. 1 at 3. Plaintiff further alleges that Defendant Brown was angered by Plaintiff's putting his arm out of the door to notify him that his unit had not showered in weeks and by Plaintiff's request that the Warden be notified of the same. ECF No. 1-1 at 1. Following a liberal construction of Plaintiff's complaint with all allegations construed in his favor, Plaintiff's Eighth Amendment claim against Defendant Brown for use of excessive force may proceed for further factual development.

B.   *Claims regarding deprivation of food*

Because "[t]he Constitution requires that prisoners be provided reasonably adequate food," an inmate may state a constitutional claim if he is not provided with sufficient sustenance. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal quotation marks and citations omitted). Plaintiff's Complaint, construed liberally, alleges that Defendant Brown deprived Plaintiff of food and water for at least forty-eight hours. These allegations are sufficient to proceed for further factual development. *See, e.g., Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (prisoners who missed four consecutive meals could state Eighth Amendment claim); *Williams v. Schueler*, No. 10-

8

CV-981-JPS, 2013 WL 1288121, at *6 (E.D. Wisc. Mar. 27, 2013) (prison officials not entitled to summary judgment on Eighth Amendment claim where prisoner alleged he was denied food for 48-hour period and suffered from "hunger pains, stomach cramps, and headaches").

    C.    *Claim regarding denial of medical care*

As to his claim of denial of medical care, Plaintiff cites to case law and alleges that he "was also denied medical treatment after this incident happen, which did cause bodily harm to …. the plaintiff". ECF No. 1 at 3; ECF No. 1-1 at 3. Plaintiff's factual allegations regarding denial of medical care are vague and conclusory. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Iqbal*, 556 U.S. at 663.

Plaintiff's claim for denial of medical care provides no factual support and is merely a "naked assertion" that does not tie any defendant to any particular act or omission. *See id.*; § 1915A(b); *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1234, at 381–85 (3d ed 2004) ("[A] complaint will be held defective ... if [it] fails to connect the defendant with the alleged wrong."). Accordingly, it is **RECOMMENDED** that Plaintiff's claim regarding denial of medical care as to all Defendants be **dismissed without prejudice.**

  D. *Unspecified claims against Defendants Ward and Sales*

Plaintiff has named Defendants Ward and Sales as Defendants in this action but makes no allegations that either of these Defendants participated in or had knowledge of the assault by Defendant Brown or the deprivation of food and water. Plaintiff's only mention of these Defendants in his statement of claim is that "Warden Smith and Deputy Ward Seals see inmates and staff with knives and allow them to pass". ECF No. 1-1 at 3. He cites to case law relevant to claims in which an inmate has been assaulted by another inmate and deliberate indifference to safety of inmates due to pervasive prison violence committed by other inmates. *Id.* at 3-4. Plaintiff's complaint does not, however, allege that Plaintiff was attacked by another inmate. Moreover, there are no allegations that Defendants Ward and Sales participated in any way in the alleged use of excessive force, denial of medical care, and deprivation of food or water.

A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas*, 535 F.3d at 1322

(citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Bennett*, 689 F.2d at 1380 (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff's complaint against Defendants Smith and Sales is based solely on their supervisory roles as a Warden and Deputy Warden at Macon State Prison, Plaintiff's claim is still subject to dismissal for failure to state a claim. Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); s*ee also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003). Plaintiff's complaint presents no allegations that Defendant Smith or Sales participated in the alleged assault on the Plaintiff or the denial of food and water and no allegations that they directed anyone to harm Plaintiff or knew anyone would do so.

To the extent that Plaintiff's complaint against Defendant Smith and Sales is based on the handling of Plaintiff's grievances, Plaintiff has still failed to state a claim. A prisoner has no constitutional right to participate in grievance procedures. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham*, 654 F.3d at 1171 (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir.2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory"). A supervisor is not "personally involved" in a constitutional violation merely because he fails to respond to complaints from a prisoner. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

In the absence of any specific factual allegations establishing a causal connection between actions of Defendant Smith and Sales and any violation of Plaintiff's constitutional rights, it is **RECOMMENDED** that any and all claims as to Defendants Smith and Sales be **DISMISSED** without prejudice.

IV. Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment excessive force and conditions of confinement claims against Defendant Brown for further

factual development. It is **RECOMMENDED**, however, that Plaintiff's claims regarding denial of medical care be **DISMISSED without prejudice** for failure to state a claim. It is further **RECOMMENDED**, that all of Plaintiff's claims against Defendants Smith and Sales be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Sgt. Kendrick Brown, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 3rd day of October, 2022.

                                         s/ Charles H. Weigle
                                         Charles H. Weigle
                                         United States Magistrate Judge